IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSS DRESS FOR LESS, INC.,

    Plaintiff,

vs.                                                                                    Civ. No. 25-814 JHR/SCY

MICHAEL MAGNESS and ML DEV, LP,

    Defendants.

**ORDER TO FILE RULE 7.1 DISCLOSURE AND AMEND NOTICE OF REMOVAL**

    This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendants Michael Magness and ML Dev, LP. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 3. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

    Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, _ F.4th. _, 2025 WL 2178059, at *7 (10th Cir. Aug. 1, 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

The Notice of Removal states: "As demonstrated by Plaintiff's state-court complaint, Plaintiff is a citizen of California and Virginia, and Defendants are both citizens of Texas." Doc. 1 ¶ 3. The complaint, in turn, states that Defendant Magness "resides" in Texas. Doc. 1-1 ¶ 8. It also states that Defendant ML Dev "is a Texas limited partnership with its principle [sic] place of business in Houston, Texas." *Id.* ¶ 9. It contains some information, but not complete information, concerning ML Dev's partners, indicating an ownership chain that includes Defendant Magness's wife. *Id.* ¶ 19. There is no indication as to the citizenship of Defendant Magness's wife. These allegations are insufficient to sustain federal diversity jurisdiction.

First, residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of Defendant Magness's "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).

Second, a limited partnership (LP) is a citizen of each and every state in which any member is a citizen. *See Penteco Corp., Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522-23 (10th Cir. 1991); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d

901, 905-06 (10th Cir. 2015). "A federal court must look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity." *Carden v. Arkoma Assocs.,* 494 U.S. 185, 185 (1990). Here, the complaint does not contain information about all of the limited and general partners of Defendant ML Dev. As stated above, the chain of ownership appears to include Defendant Magness's wife, but the complaint does not information as to her citizenship. The Notice of Removal provides no additional information on ML Dev's members or partners.

Neither did Defendants file a citizenship disclosure statement as to their own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."). These disclosures were due with Defendants' "first appearance, pleading, petition, motion, response, or other request addressed to the court." *Id.* R. 7.1(b)(1). Defendants filed the Notice of Removal on August 21, 2025, without also filing the disclosure statements.

Accordingly, the Court will order the Defendants to file citizenship disclosure statements and provide them with the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. §

1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**THEREFORE, IT IS ORDERED** that Defendants Michael Magness and ML Dev, LP shall file corporate disclosure statements that fully comply with Rule 7.1(a)(2) no later than September 5, 2025.

**IT IS FURTHER ORDERED** that Defendants shall amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than September 5, 2025.

**IT IS FINALLY ORDERED** that if such an amended notice of removal is not filed by September 5, 2025, the Court may remand this action back to state district court.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE